# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL L. RIGGS, ) <br> ) <br> Defendant. ) <br> ) | Case No. 07-20095-01-JWL <br> Civil Case No. 10-2203-JWL |

## MEMORANDUM AND ORDER

On December 5, 2007, Michael L. Riggs pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. 22.) The Court imposed a sentence of 180 months. (Doc. 33.) On April 28, 2008, Mr. Riggs filed a notice of appeal with the Tenth Circuit. (Doc. 34.) In his appeal, Mr. Riggs raised the following issues: "(1) the district court erred by failing to have a jury perform the requisite analysis of his prior convictions under the ACCA, and (2) the mandatory minimum sentence imposed violates his Constitutional rights." *United States v. Riggs*, No. 08-3114, 2008 WL 5175085 (10th Cir. 2008). The Tenth Circuit affirmed Mr. Riggs' conviction and sentence. *Id.*

Mr. Riggs now seeks to vacate his sentence pursuant to 28 U.S.C. § 2255. (Doc. 45.) For the reasons set forth below, that motion is denied.

**I. Standard of Review**

Section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. The court must hold an evidentiary hearing on a section 2255 motion "'[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting § 2255). A court need not grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also United States v. Sanchez*, No. 96-7039, 1997 WL 8842, *3 (10th Cir. 1997) ("[D]efendant's conclusory allegations . . . which contradict the record made at the plea hearing, were insufficient to require an evidentiary hearing.")

**II. Analysis**

Mr. Riggs argues that 18 U.S.C. § 922(g)(1)[1] is unconstitutional in light of the

---

[1]Section 922(g)(1) provides:
It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one
(continued...)

2

"recent" decisions in *United States v. Morrison*, 529 U.S. 598 (2000) and *Jones v. United States*, 529 U.S. 848 (2000). Mr. Riggs argues that *Morrison* and *Jones* overrule *Scarborough v. United States*, 431 U.S. 563 (1977) to the extent that *Scarborough* established Congress' power, under the Commerce Clause, to regulate the possession of firearms by convicted felons. As such, Mr. Riggs contends that § 922(g)(1) exceeds Congress' power under the Commerce Clause and that his conviction is void for lack of jurisdiction. (Doc. 45.)

Section 2255 motions are not available, however, to test the legality of matters which should have been raised on direct appeals. *United States v. Cook*, 997 F.3d 1312, 1320 (1993). A defendant's failure to present an issue on direct appeal bars him from raising the issue in a § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains. *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

A movant can "show cause" by demonstrating that his claim was "so novel that its legal basis [was] unavailable to counsel" at the time of the appeal. *United States v. Wiseman*, 297 F.3d 975, 979 (10th Cir. 2002). Mr. Riggs attributes his

---

[1](...continued)
year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce. 18 U.S.C. 922(g).

3

failure to raise this issue on direct appeal to the novelty of the issue, having never "previously [been] presented or resolved by the federal courts." (Doc. 45.) This is false.

The constitutionality of § 922(g) is hardly a "novel" issue. In fact, the "recent decisions" of *Morrison* and *Jones* that Mr. Riggs refers to are almost ten years old now and have been addressed on numerous occasions by the federal courts in determining the continued constitutionality § 922(g)(1). *See United States v. Urbano*, 563 F.3d 1150, 1153-54 (10th Cir. 2009)*; see also United States v. Combs*, 555 F.3d 60, 65-66 (1st Cir. 2009); *United States v. Broadnax*, 601 F.3d 336, 343-44 (5th Cir. 2010); *United States v. Schmidt*, 571 F.3d 743, 747 (8th Cir. 2009); *United States v. Dupree*, 258 F.3d 1258, 1260 (11th Cir. 2001). As such, Mr. Riggs' argument does not constitute adequate cause for failing to raise this issue on direct appeal. *See Wiseman*, 297 F.3d at 979. Thus, Mr. Riggs is procedurally barred from raising this issue in a § 2255 motion. *See Cook*, 997 F.2d at 1320.

In addition to this procedural default, the alleged error will not cause Mr. Riggs actual prejudice or result in a miscarriage of justice. Contrary to Mr. Riggs' assertions, The Tenth Circuit has repeatedly upheld § 922(g)(1) against Commerce Clause challenges in light of *Morrison*, *Jones*, and *Lopez*. *See Urbano*, 563 F.3d at 1153-54; *United States v. Williams*, 403 F.3d 1188, 1195 (10th Cir. 2005); *United States v. Dorris*, 236 F.3d 582, 584 (10th Cir. 2000). Recently, in *United States v.*

*Finney*, 316 Fed.Appx. 752, 757-58 (10th Cir. 2009)[2], the Tenth Circuit upheld § 922(g)(1) against a nearly identical Commerce Clause challenge. In that case the Tenth Circuit followed the precedent set forth in *Scarborough*, holding that, under the Commerce Clause, Congress may regulate any firearm that has traversed state lines. *Id*. As such, Mr. Riggs' claim that §922(g)(1) is unconstitutional in light of *Morrison* and *Jones* is without merit.

## III. Conclusion

Mr. Riggs has not shown cause excusing his failure to raise this issue on direct appeal and he has not demonstrated that he will be prejudiced as a result of the alleged error. For these reasons, Mr. Riggs is barred from receiving relief under § 2255.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. 45) is denied.

---

[2]The court recognizes that pursuant to 10th Cir. R. 36.3(B) citation to unpublished decisions is disfavored. The Tenth Circuit Court of Appeals' decision in Finney has persuasive value, however, because it addresses the precise issued raised in Mr. Riggs' § 2255 petition.

**IT IS SO ORDERED** this 16th day of July, 2010.

>  s/ John W. Lungstrum
> John W. Lungstrum
> United States District Judge