# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                          Case No. 07-20095-JWL
                                                     13-2478-JWL

**Michael L. Riggs,**

    **Defendant.**

## MEMORANDUM & ORDER

In 2007, defendant Michael L. Riggs entered a plea of guilty to one count of being a felon in possession of a firearm. The court sentenced Mr. Riggs to a term of 180 months' imprisonment pursuant to the mandatory minimum sentencing provisions of the Armed Career Criminal Act (ACCA) under § 924(e)(1). He appealed both the court's application of the ACCA to Mr. Riggs and the constitutionality of the ACCA and the Tenth Circuit affirmed Mr. Riggs' sentence. *United States v. Riggs*, 302 Fed. Appx. 805 (10th Cir. Dec. 11, 2008). In 2010, Mr. Riggs filed a motion to vacate his sentence under 28 U.S.C. § 2255. The court denied that motion. Mr. Riggs has now filed another motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (doc. 63). Because the motion constitutes a second or successive motion under § 2255, Mr. Riggs must obtain authorization from the Tenth Circuit prior to filing it. *See* 28 U.S.C. § 2255(h). He has not shown that he obtained such authorization and, thus, this court lacks jurisdiction to consider Mr. Riggs's motion. *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013). Thus, the court must either dismiss Mr. Riggs's claim for lack of jurisdiction or transfer the motion to the Tenth Circuit for a determination whether to permit successive § 2255

proceedings. *See United States v. Harper*, 545 F.3d 1230, 1232 (10th Cir. 2008). The court should transfer such a motion to the Circuit only when it concludes that a transfer would be "in the interests of justice." *Id*.

The court declines to transfer Mr. Riggs's motion to the Circuit as it is not in the interest of justice to do so. Specifically, it is unlikely that Mr. Riggs's claims have merit which counsels against transfer. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Mr. Riggs's motion is based on two new decisions from the Supreme Court—*Alleyne v. United States*, 133 S. Ct. 2151 (2013) and *Descamps v. United States*, 133 S. Ct. 2276 (2013). While *Alleyne* establishes a new rule of constitutional law, the Supreme Court has not indicated that *Alleyne* applies retroactively on collateral attack. *See* 28 U.S.C. § 2255(h) (successive petition must contain either newly discovered evidence or new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court); *Simpson v. United States*, ___ F.3d ___, 2013 WL 3455876, at *1-2 (7th Cir. July 10, 2013) (declining to authorize successive collateral attack for claim under *Alleyne*). The court questions whether *Descamps* establishes a new rule of constitutional law, *see United States v. Glover*, 2013 WL 4097915, at *3 (N.D. Okla. Aug. 13, 2013) (*Descamps* concerns a matter of statutory interpretation and did not announce a new rule of constitutional law), but even assuming that it does, the Supreme Court has not declared its decision in *Descamps* to be retroactively applicable on collateral review. *See Strickland v. English*, 2013 WL 4502302, * 8 (N.D. Fla. Aug. 22, 2013) ("The Supreme Court has not declared its decision in *Descamps* to be retroactively applicable on collateral review, nor as the undersigned found any cases applying *Descamps* retroactively to cases on collateral review."). Mr. Riggs, then, has not shown that his motion satisfies the authorization standards of § 2255(h).

The court dismisses this action for lack of jurisdiction; declines to transfer the action to the Tenth Circuit; and declines to issue a certificate of appealability as no reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Riggs' motion for relief under 28 U.S.C. § 2255 (doc. 63) is dismissed for lack of jurisdiction. The court declines to transfer the action to the Tenth Circuit and declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Dated this 16th day of September, 2013, at Kansas City, Kansas.

                                                s/ John W. Lungstrum
                                                John W. Lungstrum
                                                United States District Judge